# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:**<br><br>CHARTERHOUSE BOISE<br>DOWNTOWN PROPERTIES,<br>LLC<br><br>**Debtor.** | **Bankruptcy Case<br>No. 07-01199-JDP** |

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

Larry Prince, HOLLAND & HART, Boise, Idaho, Attorney for Robert Capps.

Kimbell Gourley, TROUT JONES GLEDHILL FUHRMAN, Boise, Idaho, Attorney for Richard Crawforth, chapter 7 trustee.

## Introduction

This Memorandum addresses the relief requested in the Motion for Determination of "Single Asset Real Estate" filed by creditor Robert Capps

MEMORANDUM OF DECISION - 1

on September 16, 2008.  Docket No. 129.  The chapter 7[1] trustee Richard E. Crawforth ("Trustee") objected to the motion in an opposition and brief filed on September 29, 2008.  Docket No. 132.  Capps responded to Trustee's brief on October 9, 2008.  Docket No. 133.  The Court conducted a hearing on Capps' motion and Trustee's opposition on October 15, 2008, see Docket No. 134, at which the parties appeared and argued their positions.  After considering the record, together with the submissions of the parties and their arguments, the Court has decided Capps' motion should be granted.[2]

## Discussion

Section 101(51B) of the Bankruptcy Code provides:

> The term "single asset real estate" means real
> property constituting a single property or project,
> other than residential real property with fewer
> than 4  residential units, which generates

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[2] This Memorandum constitutes the Court's findings of fact and conclusions of law.  Rules 7052, 9014.

MEMORANDUM OF DECISION - 2

> substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental.

11 U.S.C. § 101(51B).

Capps' motion requests that the Court determine that the real property securing its claim is "single asset real estate." A determination that real estate constitutes "single asset real estate" is significant in a bankruptcy case because it may provide an additional basis for granting relief from the automatic stay. *See e.g.*, § 362(d)(3). Capps' motive in filing the present motion is therefore transparent: as a creditor holding a lien on the property, his request that the Court determine that the property in this case is "single asset" is likely a precursor[3] to the filing of a stay relief motion so that he may foreclose without having to prove the traditional

---

[3] Relief from the stay under § 362(d)(3) is not appropriate before either "90 days after entry of the order for relief . . . or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later . . . ." Interestingly, while this provision speaks of a determination by the court that the "debtor is subject to this paragraph," the definition of "single asset real estate" in § 101(51B) clearly focuses upon "real property," not debtors.

MEMORANDUM OF DECISION - 3

grounds for relief from the stay provided under § 362(d)(1) (*i.e.*, that "cause" exists), or § 362(d)(2) (*i.e.*, that there is a lack of any equity in the property).

The material facts are not contested. Based upon the various proceedings in this case, both before and after the case converted from chapter 11 to chapter 7, the Court understands that the property in question, which constitutes Debtor's most significant asset and the primary reason for existence, is an unfinished, high-rise commercial building, and the corner on which it is located, in downtown Boise. Based upon Debtor's schedules and statements, together with the other information developed in the record, while construction of the building was commenced, it ceased after excavation of a large hole on the property, and installation of a portion of the concrete and steel infrastructure for the building.[4]

Burdened by these undisputed facts, Trustee's opposition to the

---

[4] Thus, the property has come to be referred to by various parties in these proceedings, only partly in jest, as "the big hole" in downtown Boise.

MEMORANDUM OF DECISION - 4

notion that, as a matter of fact, the property constitutes single asset real estate under the § 101(51B) definition is, at best, token.  While Trustee contends Capps has not carried the burden of proving that the property is "single asset real estate," the Court disagrees.

In deciding whether property constitutes "single asset real estate," the Court must look to current facts, not to those existing in the past, nor to Debtor's aborted plans for the future.  In its current condition, there is no doubt that the property constitutes a single project and is not residential. Debtor is not a family farmer.  Moreover, no business is being conducted on the property.

Trustee points to an adversary proceeding he is prosecuting against others to recover damages for an alleged breach of contract, and argues that the recovery anticipated from that litigation should be considered as income other than from the operation of the property.  However, even if Trustee's optimism about his prospects for a recovery is correct, this fact misses the point. The § 101(51B) definition focuses upon whether "substantially all of the gross income of [the] debtor" was generated by the

MEMORANDUM OF DECISION - 5

property, not on whether the chapter 7 estate has assets other than the property.  As a company in a chapter 7 case, Debtor is not operating and is generating no income at all.  A recovery from litigation prosecuted by Trustee can hardly be considered income from the operation of the debtor's business for purposes of § 101(51B).

Trustee alternatively argues that the Court need not find that the "big hole" constitutes "single asset real estate" under § 101(51B) because as he contends, § 362(d)(3) does not apply in chapter 7.  Capps disputes Trustee's position, insisting that § 362(d)(3) is expressly made applicable in this case via operation of § 103(a).  But while the parties raise an interesting, perhaps difficult issue of statutory interpretation, until Capps or some other party seeks relief under § 362(d)(3), the Court need not express an opinion concerning the applicability of that provision in a chapter 7 case, and the Court declines to render an advisory opinion. *Earth Island Inst. v. Ruthenbeck*, 490 F.3d 687, 694 (9th Cir. 2007) ("An advisory opinion results if the court resolves a question of law that is not presented by the facts of the case."); *Atwood v. Chase Manhattan Mortgage Co. (In re*

MEMORANDUM OF DECISION - 6

*Atwood)*, 293 B.R. 227, 231 (9th Cir. B.A.P. 2003) (explaining that the court must limit itself to deciding only those questions necessary to dispose of the issue).[5]

## Conclusion

Counsel for Capps may submit an appropriate form of order granting its motion and determining that the "big hole" property is, for purposes of § 101(51B), "single asset real estate." Counsel for Trustee should approve the form of the Order.

Dated: October 24, 2008

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[5] The Court likewise takes no position at this time regarding another issue discussed by the parties at hearing: assuming § 362(d)(3) applies in a chapter 7 case, and the elements for relief are proven, whether the Court may nonetheless exercise discretion to decline to grant relief from the automatic stay in favor of the moving creditor for good cause.

MEMORANDUM OF DECISION - 7